**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Anthony L. DURLEY, Defendant–Appellant.**

**No. 01–30039.**

**D.C. No. CR–00–00016–FVS.**

United States Court of Appeals, Ninth Circuit.

Submitted March 11, 2002.*

Decided March 20, 2002.

Before FARRIS, W. FLETCHER, and FISHER, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

**MEMORANDUM ***

Anthony L. Durley appeals his jury trial conviction and 70–month sentence for one count of possession of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

Durley contends that the district court erred by failing to suppress evidence seized from a warrantless search of a vehicle in which he was a passenger, because the driver's consent to search was invalid. However, the government argues that Durley lacks standing to challenge the search. Reviewing de novo, *see United States v. Twilley*, 222 F.3d 1092, 1095 (9th Cir.2000), we agree with the government.

In order to have standing to challenge a search, the defendant must have a legitimate expectation of privacy in the place searched. *See United States v. Silva*, 247 F.3d 1051, 1055 (9th Cir.2001). Passengers who do not have possessory or ownership interest in a vehicle do not have a legitimate expectation of privacy in that vehicle. *See United States v. Kovac*, 795 F.2d 1509, 1510–11 (9th Cir.1986). Accordingly, as a mere passenger, Durley lacks standing to challenge the search of the vehicle in this case.[1] *See Twilley*, 222 F.3d at 1095.

**AFFIRMED.**

---

courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. Moreover, Durley does not challenge the lawfulness of the initial stop of the vehicle. *See Twilley*, 222 F.3d at 1095 (stating that passengers have standing to seek suppression

---

of evidence obtained as the fruit of an unlawful stop).

